Jacob Markowitz, J.
In this article 78 proceeding petitioner seeks an order reviewing and annulling the respondent’s disapproval of petitioner’s application for the transfer to him and his wife of a license to operate a retail package liquor store. The transferor is petitioner’s wife’s brother, and the transfer is sought, it appears, because the present licensee’s health prevents his continued operation of the store.
Petitioner held a liquor license in good standing and without incident for a 15-year period from 1952 to March, 1967, but it was surrendered in anticipation of approval of the transfer herein concerned. It further appears that petitioner’s wife, also in anticipation of the transfer herein concerned, sold her business to secure cash for the purchase of her brother’s liquor store.
The application was denied by respondent for two reasons — primarily because of discovery that in 1945 he was found guilty of assault with a knife, with intent to do bodily harm, by a general court-martial, while he was in the United States Army. That conviction arose out of a fight among soldiers, including *484 petitioner, in the course of which a knife was thrown by one of the soldiers (proof being lacking as to which one), resulting in the wounding of another soldier. Petitioner and his codefendants were all found guilty, and he was sentenced to a dishoizox*able discharge, forfeiture of pay and allowances, and confined for five years. Shortly thereafter petitioner was restored to duty, the unexecuted part of his sentence remitted, and, in November, 1946, he received an honorable discharge.
Respondent’s action was predicated upon section 126 of the Alcoholic Beverage Control Law which precludes trafficking in alcoholic beverages by those convicted of felonies unless, subsequent to such conviction, such persons received either an executive pardon or a certificate of good conduct from the Parole Board.
There is no claim herein that petitioner’s conduct has been anything but exemplary since the 1945 incident. There is also some question as to whether petitioner was afforded due process at the court-martial. Certainly, where a record lacks any proof of due process being afforded, and there is no showing of knowledge or waiver, there is serious doubt that petitioner’s conviction would stand in New York (see People v. Benjamin, 28 A D 2d 106). Furthermore, the remission of the sentence and petitioner’s restoration to grace, so that ultimately he received an honorable discharge, is tantamount to a pardon, which is one of the exemptions specifically mentioned in the statute. The effect of a pardon is a restoration to civil rights, which includes all normal rights and privileges of a citizen. Had petitioner been so rehabilitated by a chief executive of a jurisdiction, there would be no question as to his qualification under this exemption. To hold that the fact that he was so restored by military, rather than executive, authority would inflict a distortion in the law never intended.
More important than the above herein is the fact that petitioner held without transgression a license issued by respondent for a substantial period of time, which was surrendered only for the purpose of the transfer herein sought. This court in a previous decision (Matter of Brown v. Murphy, 34 Misc 2d 151), in noting the mounting number of fields in which licensing is required, rejected the trite distinction in licensing cases between right and privilege and adopted the more preferable approach of dealing with such cases 1 ‘ according to the character of the occupation or business being licensed.” It was thus held in that case that “ the opportunity to work as a tow truck driver * * * must be considered a right rather than *485 a privilege thus requiring more constitutional protection than otherwise administratively afforded (p. 156).
Monopolistic restrictions on the right to earn a living are odious devices. They are sometimes necessary to protect the public or, in the case of unions and public utilities, to eliminate ruinous competition. When such restrictions exist, they must be applied with great care and rationality so as to avoid as much as possible conflict with the constitutionally protected right of each individual to pursue his own calling. It is no argument to say that the individual involved may go into some nonprivileged area. The sale of liquor in packages is not, in the court’s opinion, so delicate a privilege, so sensitive a calling, as to warrant summary denial on technical grounds, regardless of the cost in terms of human suffering. Petitioner has devoted a good part of his life to the package liquor business. The traumatic effect and probable economic deterioration incident to a forced change of business or calling may not be ignored. Therefore, before a licensing authority should be permitted to invoke such a result, there must be clear and convincing proof of cause and statutory authority. This is absent here. The application of the statute urged by respondent is unduly harsh. It completely ignores the right of an individual to peaceably follow a chosen calling so long as society is not ill affected thereby.
Predicated on the above, it does not appear that there avus sufficient ground to sustain respondent’s determination. The petition is granted, the disapproval annulled, and respondent directed to issue the transfer requested.