In the Matter of ANTHONY DI CARLO et al., Respondents, v. STATE LIQUOR AUTHORITY Appellant.— Judgment herein appealed from, unanimously modified, on the law, to strike the first ordering paragraph and so much of the second ordering paragraph as directs the granting of petitioners' application and the issuance of a license, and, in the exercise of discretion the matter is remanded to respondent for reconsideration with a direction that its eventual determination be held in abeyance for a period of 30 days to afford petitioner Anthony Di Carlo an opportunity to remove his disability by making application for an executive pardon or a certificate of good conduct as provided for in section 126 of the Alcoholic Beverage Control Law. As so modified the judgment appealed from is otherwise affirmed, without costs or disbursements to either party. Respondent acted correctly in the first instance and in accordance with the mandate of the law. However, on the facts of this case we believe that petitioner Anthony Di Carlo should be afforded an opportunity to remove the disability. In light of the fact that petitioner Anthony Di Carlo re-enlisted subsequent to incurring of the disability and thereafter received an honorable discharge, there is a reasonable likelihood that he, as a layman, honestly believed the slate had been wiped clean and, consequently, he did not wittingly make a false statement. We incline to the view that had this been the sole infraction respondent might have been more lenient in its determination.

Concur — Stevens, J. P., Eager, Steuer, Tilzer and Rabin, JJ. [54 Misc 2d 482.]